ERNEST A. HARROLD *vs.* WINONA & ST. PETER RAILROAD COMPANY.

July 17, 1891.

**Railway—Assault on Passenger while Boarding Train.**—*Held,* that the complaint stated a cause of action, and that the verdict was justified by the evidence.

**Same—Defence that Train was Moving—Evidence of Passenger's Intoxication.**—The defendant, in its answer and upon the trial, having justified the action of its employe in seizing the plaintiff, in order to prevent him from boarding a train, exclusively upon the ground that such action was taken for the safety of the plaintiff, in view of the facts that he was intoxicated and that the train was already in motion, the court properly refused to instruct the jury that defendant had a right to exclude the plaintiff from the train on the ground that he was an unfit passenger because of his intoxication, as not being applicable to the issues tendered by the answer.

**Same—Feigned Injury—Opinion of Expert.**—The principal injury complained of being a fracture and dislocation of the shoulder, which had impaired plaintiff's power to use his arm, and the defence having claimed that these injuries were feigned, it was not prejudicial error to permit an expert witness, who had testified to a shrunken condition of the arm which could not have been caused by mere disuse, to give his opinion that the plaintiff was not simulating.

Appeal by defendant from an order of the district court for Dodge county, *Buckham,* J., presiding, refusing a new trial after a verdict of $1,000 for plaintiff, in an action for personal injuries.

*Wilson & Bowers,* for appellant.

*Lovely & Edgerton,* for respondent.

MITCHELL, J. The allegations of the complaint are that, at a station on defendant's road, the plaintiff got upon the platform of one of defendant's cars in a regular passenger train for the purpose of entering the coach as a passenger; that while he was thus lawfully entering the coach, one of defendant's employes wrongfully and forcibly seized him, and pulled him off the car, and, while the train was in motion, so severely jerked him as to cause him to fall between the moving cars and the station platform, whereby he received serious

V.47M.—2

personal injury. This alleges an unlawful assault, directly causing the injuries complained of, which certainly constitutes a cause of action. This disposes of defendant's first and second assignments of error.

2. The answer alleges the facts to be that plaintiff, being so much intoxicated that he could only move with difficulty, approached a moving train, with the apparent intention of attempting to board the same; that one of defendant's brakemen, seeing this, and having reason to fear that plaintiff might be injured if he attempted to get aboard under such circumstances, attempted to keep him back, but that plaintiff, notwithstanding the efforts and warnings of the brakeman, took hold of the iron railing of a car in the moving train, fell, and was hurt; that the brakeman acted prudently and carefully, and solely with a view to guard the plaintiff against danger; that plaintiff's own carelessness and recklessness was the sole cause of his injury. Both in the answer and upon the trial the defendant justified the action of the brakeman entirely upon the ground that it was taken with a view to the personal safety of plaintiff himself. Hence the court was right in refusing to charge the jury to the effect that the defendant had a right to prevent plaintiff from entering the train, on the ground that he was an unfit passenger, because of his intoxication; such an issue being neither tendered by the answer nor suggested on the trial. This disposes of the eighth, ninth, and tenth assignments of error.

3. The seventh assignment of error relates to the propriety of the admission of certain testimony of Dr. Andrews, a medical expert. The main injury of which plaintiff complained was an alleged fracture and dislocation of the shoulder, which he claimed had destroyed his control over the movements of his arm. The defence advanced the theory that plaintiff was feigning these injuries. Dr. Andrews testified that he had examined and measured the arm, and found that in the upper part the measurement was an inch and a half less in circumference than that of the corresponding part of the other arm, and that lower down the difference in the measurement of the two arms was about an inch; also that this withered or shrunken condition of the muscles could not have resulted from disuse alone. He was then allowed to testify, against defendant's objection, that plain-

tiff was not shamming, giving as his reasons for this opinion the wasted condition of the arm, and also the "loose-jointed" or "drawn-in" condition of the thumb, which he also discovered. It is urged that it was error to permit the witness to give his opinion as to whether the plaintiff was simulating; that this was a question for the jury. We fail to discover any prejudicial error in this. The testimony amounted, in effect, to an opinion of the witness, as a medical expert, that the physical defects which he found could not have been produced by simulation,—a conclusion that almost inevitably followed from what he had already testified to. The suggestion that the answer of the witness was not confined to the two particular defects alluded to, but was general, and applied to all of plaintiff's alleged injuries, is overtechnical, especially in view of the other evidence, showing that the claim of shamming had especial reference to the injury to the arm, and plaintiff's consequent inability to use it.

4. The third and fourth assignments of error are to the effect that the verdict was not justified by the evidence, especially as to the negligence of the brakeman. An examination of the evidence satisfies us that it would have justified the jury in finding that the plaintiff, although to some extent under the influence of liquor, or, in the language of his own reply, "somewhat intoxicated," yet was not so much so as to unfit him to get upon the train with entire safety to himself. But conceding that he attempted to board the train after it was in motion, and that he was so much intoxicated that, with a view to his safety, the brakeman would have been fully justified in taking hold of him while still on the station platform, and pulling him back in order to prevent him from getting upon the car at all, still this would not be decisive of the case. The evidence was conflicting as to the position of the plaintiff when the brakeman seized him and pulled him back, five witnesses, including the brakeman, testifying with more or less positiveness that he had not got on to the car at all, but was still on the station platform when the brakeman took hold of him, while four witnesses, including the plaintiff himself, testified that he had already got upon the steps of the car when the brakeman seized him, and pulled him off the steps of the car, already in motion, and that as a result he fell between the moving cars and the station

platform. While we confess that it seems to us that the preponderance of evidence on this point was in favor of the contention of the defendant, yet the evidence to the contrary was amply sufficient to sustain a verdict in favor of the plaintiff's contention. This being so, it can hardly require argument to show that, while it might be eminently proper to seize hold of a man to prevent him from boarding a moving train, it might be grossly negligent to take hold of him after he had already gotten upon the car steps, and thus passed the most serious danger, and then pull him off the moving car at the serious risk of his falling under the cars. If the jury found this to have been the fact in the present case, as they might under the evidence, then clearly they would have been justified in finding that it constituted negligence. Under such circumstances, the proximate cause of the injury would be the negligence, not of the plaintiff in boarding a moving train, but of the brakeman in pulling him off after he had got upon the car steps; it appearing from the evidence, as the jury might well have found, that but for the acts of the brakeman the plaintiff would have entered the coach in safety.

We do not deem the remaining assignments of error of sufficient importance to require special notice.

Order affirmed.